UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JILL WOOTEN,<br>On behalf of minor S.W.,<br><br>Plaintiff,<br><br>vs.<br><br>MAYO CLINIC,<br><br>Defendant. | Case No.: 21-CV-0070<br>(MJD/TNL)<br><br>ORDER GRANTING APPROVAL FOR DISTRIBUTION OF MINOR'S SETTLEMENT |

This matter came before the undersigned upon the petition of Jill Wooten, as parent and natural guardian for minor S.W. ("Petitioner"), seeking this Court's approval of a minor's settlement on behalf of S.W.  (Doc. 37.)

Based upon all the files, records, and proceedings herein, the Court being fully advised,

**IT IS HEREBY ORDERED:**

1. Petitioner's Petition for Approval of Distribution of Minor's Settlement **(Doc. 37)** is **GRANTED**;

2. Petitioner's acceptance of the proposed settlement from Mayo Clinic for full settlement of S.W.'s damages claims for the 2010 birth injury is approved;

3. Jill Wooten shall execute a Confidential Settlement Agreement and Release and any other documents necessary to finalize the settlement and provide a copy of the minor's birth certificate as required to finalize the settlement;

4. Distribution of the recovered funds is approved as follows:

    A. To Mutual of Omaha Structured Settlement Company, the sum of $210,000.00 to fund the future periodic payments as set forth in paragraph 8 of the Petition at Docket No. 37;

    B. To Robins Kaplan LLP, in the sum of $120,000.00, for attorney's fees;

    C. To Robins Kaplan LLP, in the sum of $22,768.69, for reimbursement of advanced costs;

    D. To Hallberg Law, P.A., $336.09 for reimbursement of advanced costs; and

    E. After payment of attorney's fees and costs, the remaining balance of $6,895.22 shall be deposited into a savings account insured by an agency of the U. S. Government in the name of S.W. until she attains the age of majority or until further order.

5. Petitioner is authorized to sign any documents necessary to effectuate the settlement and distribution of the recovered proceeds;

6. Counsel for Petitioner is to file said annuity contract with the Court Administrator, without affecting ownership, for safekeeping and to transmit a copy of said annuity contract to Petitioner. The policy shall be returned to owner when S.W. reaches the age of majority; the terms have been fully performed; or S.W. dies, whichever comes first; and

7. Applications for release of funds from the savings account for S.W., either before or upon the age of 18, may be made by the appropriate petition to the Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: June 27, 2023

s/Michael J. Davis
Michael J. Davis
United States District Court